Colavecchio et al. *v.* McGettrick, Sheriff.

(No. 39501—Decided June 23, 1965.)

Mr. *P. D. Malstos* and Mr. *Moses Krislov*, for petitioners.
Mr. *John T. Corrigan*, prosecuting attorney, Mr. *George J. Moscarino* and Mr. *John T. Patton*, for respondent.

*Per Curiam.* It is petitioners' position that the trial court and the Court of Appeals were guilty of a gross abuse of discretion in denying bail. They contend that the trial court denied bail on the ground that, inasmuch as the cases were being appealed, the Court of Appeals should take care of the problem, and that the Court of Appeals, without a hearing of evidence, denied bail purely on the statement of the prosecution.

Petitioners urge that they are long-time residents of Cleveland, that they are married and have children, and that they were under bail prior to their convictions and appeared when they were required to do so. They contend that there is no reason to believe that if they were released on bail they would abscond.

Petitioners argue that there are sound grounds for their

appeals. These grounds are admission of evidence resulting from an alleged illegal search and seizure; refusal of the trial judge to give an instruction that the jury could not take into consideration the fact that the petitioners did not take the stand; the inclusion in the court's charge that the jury could consider the fact that petitioners did not take the stand; lack of probable cause for their arrests in the first instance; police officers' testimony to the effect that the petitioners demanded an attorney on their arrest; and various other errors in the record.

There are undoubtedly sound grounds for petitioners' appeals.

The hearing in the Court of Appeals consisted of the professional statements of the attorneys representing the parties. Although petitioners urge vigorously that there was no evidence presented to the court, it is conceded that petitioners did not request the calling of any witnesses. On behalf of the petitioners, the statements were to the effect that they were long-time residents of Cleveland, had families and had appeared when they were required to while on bail prior to the trial. On behalf of the state, it was shown that each petitioner had one prior felony conviction, was considered by the Cleveland Police Department as a professional criminal, was known to associate with known criminals, had no known occupation, and that Colavecchio, while at large on bail prior to the trial in the present case, was found on the roof of a supermarket in the act of burglarizing the store and is now under indictment for burglary and safe tampering in Florida.

The right to bail pending appeal was thoroughly considered in *Coleman* v. *McGettrick* (decided May 19, 1965), 2 Ohio St. 2d 177.

As pointed out in *Coleman* v. *McGettrick*, release on bail pending an appeal is not a matter of right but lies within the sound discretion of the reviewing court, and this court, in an action in habeas corpus, will not interfere with the exercise of such discretion unless there appears to have been a gross abuse thereof.

The possibility that the person seeking bail may abscond during the time he is at large is only one of the factors which

must be taken into consideration in granting or denying bail. The conduct of an accused in relation to the possibility of his committing further crimes while at large on bail may well enter into the consideration of the court.

In view of the evidence considered by the Court of Appeals in the application for bail, it cannot be held that the denial of bail in the present instance constituted a gross abuse of discretion.

*Petitioners remanded to custody.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.