**SMITH, Petitioner,**

**v.**

**LEIS, Sheriff, Respondent.**

[Cite as *Smith v. Leis,* 165 Ohio App.3d 581, 2006-Ohio-450.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050857.

Decided Feb. 3, 2006.

582

Scott Rubenstein, for petitioner.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for respondent.

MARK P. PAINTER, Judge.

{¶ 1} Petitioner, Dwayne Smith, has filed a petition for a writ of habeas corpus claiming that he is being held in the Hamilton County Justice Center under excessive bail of "$500,000, no 10%." He asserts that the denial of reasonable bail violates his rights to due process and equal protection and his right to be free from excessive bail as guaranteed by the Fifth, Eight, and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I, of the Ohio Constitution. Smith further contends that his bail is in contravention of Section 9, Article I, of the Ohio Constitution and Crim.R. 46.

{¶ 2} On November 16, 2005, we issued a decision and judgment entry granting Smith's writ. Because our decision was ambiguous as to the types of bail that may be set by trial courts under Crim.R. 46, we granted the state's motion for reconsideration and now substitute this decision for the previous one.

{¶ 3} Habeas corpus is the proper method of securing relief for excessive pretrial bail under Section 9, Article I, of the Ohio Constitution. We remain convinced that the trial court abused its discretion by setting such an excessive bail and now hold that the appropriate bail should have been Smith's release upon his own recognizance while the state appeals our suppression of the evidence to the Ohio Supreme Court. Thus, we grant Smith's writ of habeas corpus.

## I. Suppression of the Evidence

{¶ 4} Cincinnati police received an anonymous tip that suggested that Smith was a crack-cocaine dealer. The police investigated Smith and attempted to arrange a purchase. The tip eventually led to an investigatory stop of his vehicle and the discovery of cocaine through a canine sniff.[1]

{¶ 5} We previously held that because the tip contained neither predictive information nor a means to test the informant's credibility, the tip was unreliable and did not create the reasonable suspicion needed to stop Smith's vehicle.[2]

---

1. See *State v. Smith,* 163 Ohio App.3d 567, 2005-Ohio-5204, 839 N.E.2d 451, at ¶ 4–11.

2. Id. at ¶ 3 and 14–22.

Thus, the cocaine found in the car and later found during a search of an apartment was obtained in violation of Smith's Fourth Amendment rights.[3] We reversed the convictions.[4]

{¶ 6} Smith then moved the trial court to set a recognizance bond while the state sought jurisdiction in the Ohio Supreme Court for its appeal of our decision. The trial court denied Smith's motion and set bail at "$500,000, no 10%."

## II. Jurisdiction—Writ of Habeas Corpus Appropriate for Excessive Bail

{¶ 7} Smith has properly filed under R.C. 2725.04 for a writ of habeas corpus. It is well established that habeas corpus is the proper method of securing relief for excessive pretrial bail under Section 9, Article I, of the Ohio Constitution.[5] And the Ohio Constitution specifically grants appellate courts original jurisdiction in habeas corpus.[6] Furthermore, we have jurisdiction to grant a writ of habeas corpus under R.C. 2725.02 if we conclude that Smith is being "unlawfully restrained of his liberty" under R.C. 2725.01.

## III. Standard of Review

{¶ 8} There is an anomaly in original actions seeking habeas corpus on the grounds of excessive bail because the effect of such cases is an appeal from a decision of the trial court. But such cases are also considered original actions so as to permit hearings and findings of fact. When cases are considered as appeals, it is reasonable to require some finding of error or abuse of discretion before allowing a writ to issue overturning or modifying a decision of the trial court. When they are considered as original actions, it is just as reasonable to allow the court of appeals to make an independent decision based upon the hearing before it and to exercise its own discretion under Crim.R. 46 in the same manner as would the trial court.[7]

{¶ 9} Prior to the Ohio Supreme Court's decision in *In re DeFronzo*, courts had uniformly held that the main issue was whether the trial court had abused its discretion, thus tending to treat these cases as appeals, not original actions. But in *Davenport v. Tehan*, the Ohio Supreme Court also specifically stated that

---

3.  Id. at ¶ 3 and 23–27.

4.  Id. at ¶ 3 and 29.

5.  See *State ex rel. Baker v. Troutman* (1990), 50 Ohio St.3d 270, 272, 553 N.E.2d 1053; *State v. Bevacqua* (1946), 147 Ohio St. 20, 33 O.O. 186, 67 N.E.2d 786; *Jenkins v. Billy* (1989), 43 Ohio St.3d 84, 538 N.E.2d 1045.

6.  Section 3(B)(1)(c), Article IV, Ohio Constitution.

7.  See *In re DeFronzo* (1977), 49 Ohio St.2d 271, 273–274, 3 O.O.3d 408, 361 N.E.2d 448.

"[t]he amount of bail in any given case is basically within the sound discretion of the trial court." [8]

■ {¶ 10} In light of these differing views, we agree with the Sixth Appellate District that habeas corpus actions challenging the amount of bail should be treated as a hybrid.[9] We recognize that such an action seems to be an appeal from a decision of the trial court, and some weight must be afforded the decision of the court that originally set the bail. In addition, we also recognize that habeas corpus is an original action, and as such, it is subject to de novo review.

## IV. Habeas Corpus

■ {¶ 11} In habeas corpus cases, the burden of proof is on the petitioner to establish his right to release.[10] More specifically, in a habeas corpus proceeding, " 'where the return sets forth a justification for the detention of the petitioner, the burden of proof is on the petitioner to establish his right to release.' " [11] In satisfying the burden of proof, the petitioner must first introduce evidence to overcome the presumption of regularity that attaches to all court proceedings.[12] "Thus, in habeas corpus actions, 'the state makes a prima facie case by showing by what authority it holds the prisoner' and the 'burden of proceeding then shifts to the prisoner to introduce facts which would justify the granting of bail.' " [13]

{¶ 12} In the present case, it is clear that the state had the authority to hold Smith in detention. The state's response, its motion to dismiss, demonstrates its authority to hold Smith. He was indicted on multiple drug and gun charges. If convicted, Smith faced a prison sentence. The burden thus shifts to Smith to introduce facts that would justify the granting of bail. To do so, he must follow the correct procedure.

---

8.  *Davenport v. Tehan* (1970), 24 Ohio St.2d 91, 53 O.O.2d 250, 264 N.E.2d 642; *Colavecchio v. McGettrick* (1965), 2 Ohio St.2d 290, 31 O.O.2d 562, 208 N.E.2d 741; *Coleman v. McGettrick* (1965), 2 Ohio St.2d 177, 31 O.O.2d 326, 207 N.E.2d 552; *Bland v. Holden* (1970), 21 Ohio St.2d 238, 50 O.O.2d 477, 257 N.E.2d 397.

9.  See *Lewis v. Telb* (1985), 26 Ohio App.3d 11, 13, 26 OBR 179, 497 N.E.2d 1376.

10.  See *Chari v. Vore* (2001), 91 Ohio St.3d 323, 325, 744 N.E.2d 763, citing *Halleck v. Koloski* (1965), 4 Ohio St.2d 76, 77, 33 O.O.2d 441, 212 N.E.2d 601; *Yarbrough v. Maxwell* (1963), 174 Ohio St. 287, 288, 22 O.O.2d 341, 189 N.E.2d 136.

11.  *Chari,* quoting *Yarbrough,* 174 Ohio St. at 288, 22 O.O.2d 341, 189 N.E.2d 136.

12.  *Chari,* citing *Yarbrough,* 174 Ohio St. at 288, 22 O.O.2d 341, 189 N.E.2d 136.

13.  Id., quoting *Muller v. Bridges* (1966), 280 Ala. 169, 170, 190 So.2d 722.

■ {¶ 13} Ohio prescribes a basic, summary procedure for bringing a habeas corpus action.[14] First, the application by petition needs to contain certain information—(1) the person whose liberty is restrained, (2) the officer who is confining the prisoner, (3) the place where the person is imprisoned, and (4) a copy of the commitment or cause of detention.[15] Then, if the court decides that the petition states a facially valid claim, it must allow the writ.[16] Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition.[17]

{¶ 14} In the present case, Smith has correctly filed a verified petition. He is incarcerated in the Hamilton County Justice Center on $500,000 bail; Simon Leis Jr. is the Hamilton County Sheriff and has custody of Smith; and the bail was set by a Hamilton County Common Pleas judge. We now review the merits of Smith's claim that he is being detained under an excessive bail.

## V. Crim.R. 46 and Excessive Bail

{¶ 15} The Ohio Constitution affords persons accused of crimes the avenue of being "bailable by sufficient sureties," and it also mandates that "excessive bail shall not be required."[18] But the Ohio Constitution also states that pretrial bail may be denied for persons "charged with a capital offense where the proof is evident or the presumption great, and * * * [for persons] * * * charged with a felony where the proof is evident or the presumption great and where the person poses a substantial risk of serious physical harm to any person or to the community."[19] But when bail is granted, the Ohio Supreme Court has stated that the right to nonexcessive bail on approval of sufficient sureties is absolute.[20]

{¶ 16} Smith maintains that the trial court abused its discretion by setting bail at "$500,000, no 10%" despite the fact that we ordered all the evidence against Smith suppressed. To understand whether the bail imposed was excessive, we need to examine the factors and conditions of bail.

---

**14.** See *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 381, 667 N.E.2d 1194.

**15.** R.C. 2725.04.

**16.** R.C. 2725.06.

**17.** See *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 609, 653 N.E.2d 659.

**18.** Section 9, Article I, Ohio Constitution.

**19.** Id.

**20.** See *Locke v. Jenkins* (1969), 20 Ohio St.2d 45, 49 O.O.2d 304, 253 N.E.2d 757.

■ {¶ 17} The purpose of bail is to secure the attendance of the accused at trial.[21] Crim.R. 46 provides factors that a trial court weighs to determine what type of bail to set and what conditions should be imposed. These factors include the nature of the crime, the weight of the evidence, the accused's family ties, and whether the accused was on probation.[22] And trial courts also have the discretion to impose conditions upon bail such as house arrest, prohibiting contact with certain people, requiring drug or alcohol treatment, or restricting travel.[23]

{¶ 18} But the crux of the issue here is the type of bail imposed by the trial court. Trial courts have the discretion to impose different types of bail. Crim.R. 46(A) provides that any person entitled to release shall be released upon one or more of three types of bail: "(1) The personal recognizance of the accused or an unsecured bail bond ['OR']; (2) A bail bond secured by the deposit of ten percent of the amount of the bond in cash. Ninety percent of the deposit shall be returned upon compliance with all conditions of the bond; (3) A surety bond, a bond secured by real estate or securities as allowed by law, or the deposit of cash, at the option of the defendant."

{¶ 19} The trial court in this case set the bail at "$500,000, no 10%." This was an odd phrase, of course, though it has been used here for some time, because it seems that the trial court wanted to set a bail that would not fall under Crim.R. 46(A)(2)—a bail bond secured by ten percent of the bond. What the trial court should have written was "$500,000 under Crim.R. 46(A)(3)." That bail would have prevented Smith from posting a 10 percent bond in cash. Smith would have needed to "raise" $500,000 through a surety, real estate, other securities, or cash.

{¶ 20} The trial court's phrase of "$500,000, no 10%" led us mistakenly to analogize this with a cash-only bond. The Ohio Supreme Court has recently held cash-only bonds to be unconstitutional under Section 9, Article I, of the Ohio Constitution.[24]

{¶ 21} There has been some confusion because of the Ohio Supreme Court's decision banning "cash-only" bonds. That court held that a defendant can post bail under Crim.R. 46(A)(3) in cash, property, or surety because that choice is specifically given to the defendant in the rule. The "10 percent" option in Crim.R. 46(A)(2) is applicable only if the court specifically authorizes it. Thus, we believe that a trial court, when setting bail, should be more specific.

---

21. See *Jenkins v. Billy* (1989), 43 Ohio St.3d 84, 85, 538 N.E.2d 1045.

22. Crim.R. 46(C)(1) through (5).

23. Crim.R. 46(B)(1) through (7).

24. *Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5.

{¶ 22} Trial courts have discretion to set the type and amount of bail. It would cause less confusion, however, if the trial courts did not use the phrase "no 10%" and simply referred to the subsection of Crim.R. 46(A) under which they intended to set bail. If the trial court does not authorize the ten percent option, it is not available, just as an OR bond is not available unless designated by the court.

## VI. Bail Designation

{¶ 23} To avoid confusion, we suggest that trial courts use the following nomenclature when setting bonds: (1) an "OR bond" is a personal recognizance under Crim.R. 46(A)(1); (2) a "ten percent bond" is just that—the defendant may post ten percent of the set amount, under Crim.R. 46(A)(2); (3) a "straight bond" is under Crim.R. 46(A)(3) and may be posted by a surety, real estate, securities, or cash, at the defendant's option; or (4) a combination of "straight plus ten percent" gives the defendant the option of any method under Crim.R. 46(A)(2) and (A)(3). Obviously, there is no such bond as a "cash-only bond," because the defendant is specifically given the option of choosing the method under the "straight bond" option.

## VII. Smith's Excessive Bail

{¶ 24} In the present case, the state maintains that Smith is a dangerous drug dealer and that the trial court could not disregard the evidence collected from the searches—cocaine, marijuana, and guns. Essentially, the state believes that despite our ruling that this evidence was obtained against Smith's Fourth Amendment rights, the evidence should still be used against him to "punish" him through the imposition of a significant bond.

{¶ 25} While "[t]he amount of bail is largely within the sound discretion of the court,"[25] this trial court abused its discretion when setting an excessive bail amount of "$500,000, no 10%." This bail amount effectively imprisons Smith for nine months to a year, because it will take that amount of time before the Ohio Supreme Court determines whether to hear the appeal. We deem such an act unreasonable, because it circumvents Smith's constitutional rights and makes him a prisoner—without any evidence proving his guilt. Just stating the issue thus supplies the answer.

## VIII. Crim.R. 12(K)

{¶ 26} Under Crim.R. 12(K), the state is permitted to appeal a trial court's order suppressing evidence if the appeal is not for the purpose of delay and the court's ruling renders the state's proof so weak "that any reasonable possibility of

25. *Bland v. Holden* (1970), 21 Ohio St.2d 238, 239, 50 O.O.2d 477, 257 N.E.2d 397.

effective prosecution has been destroyed." [26]  A condition of such an appeal is that if the defendant has not previously been released, the "defendant shall, except in capital cases, be released from custody on his or her own recognizance pending appeal." [27]

{¶ 27} We find this analogous to the situation at hand, except that a three-judge appellate panel, rather than a single trial judge, has held the evidence against Smith inadmissible.

{¶ 28} Under Crim.R. 12(K), defendants not accused of capital crimes *must be released* upon their own recognizance when the state appeals a suppression of evidence by the trial court.

{¶ 29} We see a direct analogy to suppression of evidence at the appellate level. If the trial court had suppressed the evidence, *which we held that it should have done*, Smith would by law have been entitled to release on his own recognizance. To force Smith to sit in jail while the state appeals to the Ohio Supreme Court is just as unreasonable as it would be for an appeal to the appellate court.

## IX.  Conclusion

{¶ 30} For the foregoing reasons, we hold that the trial court abused its discretion when it set Smith's bail at "$500,000, no 10%."  We grant Smith's writ of habeas corpus and order that he be released upon his own recognizance.

Writ granted.

DOAN, P.J., concurs.

SUNDERMANN, J., dissents.

SUNDERMANN, Judge, dissenting.

{¶ 31} Dwayne Smith was convicted of possession of cocaine and marijuana as well as possession of a number of firearms.  He appealed, and another panel of this court reversed his conviction on the ground that the anonymous tip that the police received that led to the arrest of Smith was not sufficiently reliable.  The case was remanded to the trial court.  The state appealed the reversal to the Ohio Supreme Court, and the trial court set a bond of "$500,000, no 10%."

{¶ 32} Smith filed a habeas corpus petition on the grounds that his bond was excessive.  This court granted his writ and reduced the bond to $50,000.  We discovered that the entry reducing the bond was not clear as to the type of bail that could be set.  We intended to rule that Smith could post his bond by surety,

---

26.  Crim.R. 12(K).

27.  Id.

real estate, securities, or cash. It was not our intention to intrude on the trial court's ability to set a 10% bond or to deny one the option of a 10% bond. We decided to clarify our previous ruling to make this clear. But the majority has gone beyond clarification of the type of bond and has further reduced the bond to an unsecured bail bond.

{¶ 33} I agree with the majority as to the clarification of the types of bonds that can be set. But I feel that the trial court had the right to set a bond pending the appeal and that, as our previous decision stated, a bond of $50,000 was appropriate given that the charges are serious felonies and that Smith has a previous conviction for manslaughter. The majority cites Crim.R. 12(K); of course, that rule does not apply here, because the trial court did not suppress the evidence. But the majority says it is following the rule "by analogy" and reasons that Smith *must be released.* The trial court has every right and perhaps a duty to set a bond when an appeal is taken; in this case, the bond of $50,000 that we set in the first entry is reasonable.