JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner, Joshua Clay, is the defendant in State v.Clay, Cuyahoga County Court of Common Pleas Case No. CR-485314. After initially being charged in the Parma Municipal Court, Clay was indicted in Case No. CR-485314 on: one count of gross sexual imposition;[1] one count of illegal use of a minor in nudity-oriented material or performance;[2] eighteen counts of unlawful sexual conduct with a minor;[3] and five counts of pandering sexually oriented matter involving a minor.[4]
 {¶ 2} The Parma Municipal Court had set bail at $50,000 which included the condition that Clay not use the internet. The court later modified that condition to permit use of the internet for defense purposes. The court of common pleas also set bail at $50,000 on August 31, 2006 and added Court Supervised Release and Electronic Home Detention as conditions to Clay's bond by entry received for filing on September 5, 2006.
 {¶ 3} On October 17, 2006, the date of a scheduled pretrial, the court of common pleas held a bond hearing. At the hearing, the state played a video showing that Clay had accessed the internet by means of a video program entitled "Fapster," which is an on-line webcam community. The transcript of the video reflects that: (1) Clay identifies himself in the video; (2) Clay masturbates during the course of the video; (3) Clay states that he is violating the terms of his bail by accessing the internet; (4) Clay states that he kidnapped and had sex with a minor female; (5) Clay displays a photograph of the female that he had kidnapped; (6) Clay states that if any members of the Brooklyn Heights Police Dept are informed of his appearance on the internet, that he would commit suicide; (7) Clay vomits into a pail; and (8) Clay appears intoxicated throughout the video. The detective who testified at the hearing and transcribed the video stated that he had been present at Clay's bond hearings and that Clay had been told during his bond hearings that he was not to have any internet access and that he was not to drink alcohol.
 {¶ 4} At the conclusion of the hearing, the trial court increased Clay's bail to $750,000 and held that:
"I want you to address what I just saw. Bond has two purposes.The appearance of the defendant and the protection of the public.I just watched a video of him discussing criminal activity,threatening to kill himself, and masturbating on the internet.That raises very serious concerns for me about the protection ofthe public and the protection of the defendant. So you know what?I'm changing the bond, and if you don't like it, you can goacross the street. His bond is $750,000 cash surety or propertywith EHD [Electronic Home Detention] CSR [Court SupervisedRelease]. He's referred for a psych evaluation and he's going onsuicide watch until further order of the Court. You can order atranscript, you can have me reviewed."[5]
 {¶ 5} On November 3, 2006, Clay filed this petition for a writ of habeas corpus. (He had previously filed an action in habeas corpus on October 19, 2006 in which he filed a notice of voluntary dismissal on October 27, 2006.)[6] Clay avers that he has remained in the custody of respondent sheriff since the conclusion of the October 17, 2006 hearing. Clay contends that the increase in his bond from $50,000 to $750,000 is unreasonable and requests that this court grant relief in habeas corpus and reset his bond at $50,000.
 {¶ 6} On November 8, 2006, McFaul filed his "pre-answer motion for summary judgment." Also, on November 8, respondent filed a motion for leave to file supplemental exhibit in support of pre-answer motion for summary judgment. By separate entry, we have granted the motion for leave to file supplemental exhibit. For the reasons stated below, we grant the motion for summary judgment and deny relief in habeas corpus.
"The principles governing habeas corpus in these matters arewell established. Under both the United States and OhioConstitutions, "excessive bail shall not be required." If theoffense is bailable, the right to reasonable bail is aninviolable one which may not be infringed or denied. In reGentry (1982), 7 Ohio App. 3d 143, 7 Ohio B. 187,454 N.E.2d 987 and Lewis v. Telb (1985), 26 Ohio App. 3d 11,26 Ohio B. 179, 497 N.E.2d 1376. The purpose of bail is to secure theattendance of the accused at trial. Bland v. Holden (1970),21 Ohio St. 2d 238, 257 N.E.2d 397.
 "In Ohio, the writ of habeas corpus protects the right toreasonable bail. In re Gentry. A person charged with thecommission of a bailable offense cannot be required to furnishbail in an excessive or unreasonable amount. In re Lonardo(1949), 86 Ohio App. 289, 55 Ohio Law Abs. 369, 89 N.E.2d 502.[**5] Indeed, bail set at an unreasonable amount violates theconstitutional guarantees. Stack v. Boyle (1951), 342 U.S. 1,72 S.Ct.1, 96 L.Ed. 3. Pursuant to Crim.R. 46, in determiningwhat is reasonable bail, the court must consider all relevantinformation including but not limited to, the nature andcircumstances of the offense charged, the weight of the evidence,the accused's history of flight or failure to appear at courtproceedings, his ties to the community, including his family,financial resources and employment, and his character and mentalcondition. After weighing these factors, the trial judge withinhis sound discretion, sets the amount of bail. The discretion toset bail also permits the trial court to change bail ascircumstances warrant. State v. Marte (May 23, 1996),Cuyahoga App. No. 69587, 1996 Ohio App. LEXIS 2193 and Hardy v.McFaul, Cuyahoga App. No. 84495, 2004 Ohio 2694. In a habeascorpus action to contest the reasonableness of bond, this courtmust determine whether the trial court abused its discretion.Jenkins v. Billy (1989), 43 Ohio St. 3d 84, 538 N.E.2d 1045;In re Gentry; Lewis; and In re Green (1995),101 Ohio App. 3d 726, 656 N.E.2d 705."[7]
 {¶ 7} Clay argues that the increased amount of the bond is unreasonable. He states in the petition that he has neither a prior felony record nor a misdemeanor record. He also contends that he is charged, in part, for marital conduct. That is, Clay avers in the petition that, at the time of the offenses charged in the indictment, he was 19 years old and legally married to a minor female who was then 14 years old.
 {¶ 8} A copy of the indictment is attached to respondent's motion for summary judgment. It is clear that the indictment pertains to conduct involving at least two minors. That is, various counts in the indictment specify two different birth dates of the minors who were either under age 13 or between the ages of 13 and 16 at the time of the respective offenses. The petition, however, suggests that the only minor "victim" was Clay's wife.
 {¶ 9} Additionally, the transcript of the bond hearing reflects that both the Parma Municipal Court and the court of common pleas had clearly restricted Clay's access to the internet. Nevertheless, the "Fapster" video indicates that he knowingly violated that condition of his bond. Additionally, Clay's admissions recorded on the video regarding past criminal behavior raise serious concerns about Clay's being a potential danger to the public. His threat to commit suicide — which he stated three times — raises serious concerns about Clay's being a potential danger to himself and about his mental condition. In light of the factors set forth in Crim.R. 46(C) and the record before the court of common pleas, we cannot conclude that the court of common pleas abused its discretion by increasing Clay's bond.
 {¶ 10} The motion for summary judgment and the supplemental exhibit reinforce this conclusion. As noted above, the court of common pleas referred Clay for psychological evaluation. Clay has, however, refused to meet with the psychologist from the Court Psychiatric Clinic. (A review of the docket in Case No. CR-485314 reflects that the court of common pleas has referred Clay to a mental health facility.)
 {¶ 11} The supplemental exhibit is a search warrant signed by judge of the court of common pleas authorizing the examination of various computer-related devices seized from Clay's home and stored at the Brooklyn Heights Police Department property room. Attached to the search warrant is the affidavit of the detective who testified in the bond hearing in Case No. CR-485314. The detective avers that he has confirmed that Clay had been chatting and/or emailing a sixteen-year-old minor female from the Chicago area. Clay solicited her to reveal images of her breasts on a webcam and these images were sent to Clay. Clay also asked her to scan images of her genitals and to send them to Clay. She also told the detective that she had received numerous cell phone calls from Clay and had received numerous collect calls from Clay while he was incarcerated in the Cuyahoga County Jail. This minor female also informed the detective that Clay had intended to visit her in the Chicago area in early October but his plans "hit a snag." The detective also avers that he has information that — while Clay has been in the Cuyahoga County Jail — another minor female has updated Clay's profile on his publicly available website connected to "Fapster."
 {¶ 12} Clay has blatantly violated numerous conditions of his bail. In doing so, he has admitted prior criminal conduct. Furthermore, there is evidence that — even while he has been incarcerated — he is attempting to contact minors. Given all of the circumstances presented to the court of common pleas at the time of the October 17 bond hearing, we cannot conclude that the court abused its discretion by increasing Clay's bond. The additional evidence reinforces the concerns regarding Clay's mental condition and that a high bond is necessary to protect the public.
 {¶ 13} Accordingly, respondent's motion for summary judgment is granted. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal.[8]
Writ denied.
Frank D. Celebrezze, Jr., Presiding Judge, and Christine T. McMonagle, J., concur.
[1] R.C. 2907.05.
[2] R.C. 2907.323.
[3] R.C. 2907.04.
[4] R.C. 2907.322.
[5] Tr. at 19.
[6] In Re Clay, Cuyahoga App. No. 88894.
[7] State ex rel. Sellers v. McFaul, Cuyahoga App. No. 87866, 2006-Ohio-1936, at ¶ 7-8.
[8] Civ.R. 58(B).