SMITH, APPELLEE, *v.* LEIS, SHERIFF, APPELLANT.

[Cite as *Smith v. Leis,* 111 Ohio St.3d 493, 2006-Ohio-6113.]

(No. 2006–0573—Submitted September 20, 2006—Decided December 6, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment that granted a writ of habeas corpus and ordered the release of a criminal defendant pending a trial on criminal charges.

{¶ 2} In August 2004, appellee, Dwayne Smith, was indicted on two counts of cocaine possession, one count of cocaine trafficking, three counts of having weapons while under disability, one count of receiving stolen property, and certain accompanying specifications. Smith filed a motion to suppress evidence found in his car and in an apartment. The search of the car and the apartment arose from an anonymous tip to police. The evidence that was the subject of the suppression motion formed the basis of the state's case against Smith. After the Hamilton County Court of Common Pleas denied Smith's motion, he entered a plea of no contest to the charges against him. The common pleas court found Smith guilty of the charges and sentenced him to eight years in prison.

{¶ 3} On appeal, the Court of Appeals for Hamilton County reversed Smith's convictions and remanded the cause for further proceedings. *State v. Smith,* 163

Ohio App.3d 567, 2005-Ohio-5204, 839 N.E.2d 451. The court of appeals concluded that the anonymous tip that led to the discovery of the state's evidence against Smith was unreliable and did not create either reasonable suspicion necessary to stop Smith's car or probable cause to search his car and an apartment. Id. at ¶ 18. The court of appeals thus held that the trial court erred in denying Smith's suppression motion. Id. at ¶ 24. The state then appealed from the court of appeals' judgment to this court. See *State v. Smith,* 108 Ohio St.3d 1474, 2006-Ohio-665, 842 N.E.2d 1053.

{¶ 4} On October 26, 2005, the common pleas court conducted a hearing to set a new bond pending this court's determination of the state's appeal. Smith requested that he be released on his own recognizance, while the state opposed any bond, contending that it had a strong case on appeal. The trial court set a bond of "$500,000 NO 10%."

{¶ 5} On October 27, 2005, Smith filed a petition in the court of appeals for a writ of habeas corpus to compel appellant, Hamilton County Sheriff Simon Leis Jr., to release him at a reduced bail. Smith claimed that he was indigent and unable to post bail. Sheriff Leis filed a motion to dismiss the petition based on his claim that the bail was reasonable.

{¶ 6} On November 16, 2005, the court of appeals granted the writ and ordered that Smith "be released pending the disposition of a new trial upon execution of a $50,000 bail as set forth in Crim.R. 46(A)(2) or (3)." The court held that the trial court's bail of "$500,000 NO 10%" was tantamount to an impermissible, unconstitutional cash-only bail. *Smith v. Leis,* 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, syllabus ("Cash-only bail is unconstitutional under Section 9, Article I of the Ohio Constitution and is not authorized by either Crim.R. 46 or R.C. 2937.222").

{¶ 7} On November 23, 2005, Sheriff Leis applied for reconsideration of the November 16, 2005 judgment granting the writ of habeas corpus. In his application, Sheriff Leis claimed that the trial court's bail of "$500,000 NO 10%" was appropriate and was not tantamount to cash-only bail. Smith filed a memorandum in response in which he requested that the court of appeals modify its November 16, 2005 judgment so that he be granted a recognizance bond. The state also appealed the November 16, 2005 judgment granting the writ to this court.

{¶ 8} On February 3, 2006, the court of appeals granted Sheriff Leis's motion for reconsideration and specified that it had mistakenly treated the trial court's "NO 10%" condition as a cash-only bail. *Smith v. Leis,* 165 Ohio App.3d 581, 2006-Ohio-450, 847 N.E.2d 485, ¶ 20. The court of appeals nevertheless held that Smith should be released on his own recognizance because Smith would have been entitled to release on recognizance under Crim.R. 12(K), "[i]f the trial court

had suppressed the evidence, *which we held that it should have done.*" (Emphasis added.) Id. at ¶ 29.

{¶ 9} On February 22, 2006, we declined to accept for review the state's discretionary appeal of the judgment reversing the trial court's suppression ruling. *State v. Smith,* 108 Ohio St.3d 1474, 2006-Ohio-665, 842 N.E.2d 1053. On February 27, 2006, we dismissed, for want of prosecution, Sheriff Leis's appeal of the November 16, 2005 grant of the writ of habeas corpus. *Smith v. Leis,* 108 Ohio St.3d 1481, 2006-Ohio-854, 843 N.E.2d 191.

{¶ 10} On March 8, 2006, the trial court dismissed the criminal charges against Smith for want of prosecution.

{¶ 11} On March 20, 2006, Sheriff Leis filed this appeal from the court of appeals' February 3 decision on reconsideration, which granted the writ of habeas corpus and ordered Smith released on his own recognizance.

{¶ 12} We dismiss this appeal as moot for the following reasons.

{¶ 13} Smith has been released from custody and no criminal charges are now pending against him. Therefore, even if Sheriff Leis's claim on appeal has merit, it could not result in Smith's incarceration. The objective of the state's resistance to bail was to keep Smith in prison while its discretionary appeal from the reversal of the trial court's suppression decision was pending in this court. Once we declined to accept that appeal for review, the state's reason to keep Smith incarcerated ceased to exist.

{¶ 14} Moreover, the issue raised by Sheriff Leis in this appeal does not raise a substantial constitutional question or other matter of great public or general interest. Cf. *Smith v. Leis,* 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, ¶ 15 (propriety of cash-only bail raises a debatable constitutional issue and is of great public or general interest because it affects the types of bail that trial courts are authorized to grant in criminal cases throughout the state). The issue raised here—whether a reviewing court can order the release of a criminal defendant on his own recognizance, after it has reversed a trial court's decision denying a motion to suppress and thus rendered the state's proof so weak that any possibility of effective prosecution has been destroyed—is much more limited.

{¶ 15} Finally, this is not an issue that is capable of repetition yet evading review. "This exception applies when the challenged action is too short in duration to be fully litigated before its cessation or expiration, and there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Dispatch Printing Co. v. Louden* (2001), 91 Ohio St.3d 61, 64, 741 N.E.2d 517. If the state sought and obtained a stay of an appellate court's judgment granting a writ of habeas corpus in these unique circumstances, the challenged action could be fully litigated before its cessation.

Further, there is no reasonable expectation that the sheriff will be subject to the same action, which would arise only under the same unique circumstances presented in this case.

{¶ 16} Based on the foregoing discussion, we dismiss this appeal as moot. The criminal charges against Smith were dismissed before the sheriff filed this appeal, and the case does not fall within a recognized exception to the general doctrine. This is consistent with well-settled precedent that we will not indulge in advisory opinions. *State ex rel. White v. Kilbane Koch,* 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 18; *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 238, 242, 736 N.E.2d 893; *Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176, 25 OBR 243, 495 N.E.2d 904, syllabus.

Appeal dismissed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Rubenstein & Thurman, L.P.A., Inc., and Scott A. Rubenstein, for appellee.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Phillip R. Cummings, Assistant Prosecuting Attorney, for appellant.