[Cite as *Turner v. Sutula*, 2014-Ohio-5696.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102190**

---

**JOHN L. TURNER, JR.**

RELATOR

vs.

**JUDGE JOHN D. SUTULA, ET AL.**

RESPONDENTS

---

**JUDGMENT:**
PETITION GRANTED

---

Writ of Habeas Corpus
Motion No. 480397
Order No. 481221

**RELEASED DATE:**    December 23, 2014

**FOR PETITIONER**

John L. Turner, pro se
P. O. Box 5600
Cleveland, Ohio 44101


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} On November 12, 2014, the petitioner, John L. Turner, Jr., pro se, commenced this habeas corpus action against the respondents, Judge John D. Sutula, Cuyahoga County Prosecutor Timothy McGinty, and Sheriff Frank Bova, to compel the respondents to reinstate his $25,000 bond in the underlying case, *State v. Turner*, Cuyahoga C.P. No. CR-13-576006-A or to order his release.[1] Turner claims that he is being held unlawfully without bail in the Cuyahoga County jail. On November 21, 2014, the respondent moved for summary judgment on the grounds of pleading deficiencies and adequate remedy at law. Pursuant to App.R. 14(C) and Loc.App.R. 45(B)(3), Turner's time to respond to the dispositive motion has lapsed, and he did not file a response. Thus, the matter is ripe for resolution. For the following reasons, this court denies the motion for summary judgment, grants the writ of habeas corpus and grants relief by ordering the trial court to set bond forthwith.

{¶2} In the underlying case in July 2013, the grand jury indicted Turner for multiple counts of theft, grand theft, breaking and entering, and criminal damaging. The trial court set bond at $25,000, and Turner posted that amount on August 1, 2013. On March 12, 2014, the Ohio Adult Parole Authority placed a hold on Turner and took him to the Lorain Correctional Institution for a postrelease control violation hearing, at which he was found to be a violator and sentenced to 200 days. Consequently, he missed his April 8, 2014 appearance in the underlying case, and the trial judge revoked his bond. When Turner finished his sentence in late October 2014, he moved the trial judge to reinstate his bond. The trial judge has yet to rule on that

---

[1] The court notes that Sheriff Bova is the only proper respondent in this habeas corpus case. *Hamilton v. Collins*, 11th Dist. Lake No. 2003-L-094, 2003-Ohio-4104. Consequently, the court dismisses Judge John Sutula and Prosecutor Timothy McGinty.

motion, and Turner is incarcerated in the Cuyahoga County jail awaiting trial without bond.

{¶3} The principles governing habeas corpus in these matters are well established. Under both the United States and Ohio Constitutions, "excessive bail shall not be required." If the offense is bailable, the right to reasonable bail is an inviolable one that may not be infringed or denied. *In re Gentry*, 7 Ohio App.3d 143, 454 N.E.2d 987 (6th Dist.1982) and *Lewis v. Telb*, 26 Ohio App.3d 11, 497 N.E.2d 1376 (6th Dist.1985). The purpose of bail is to secure the attendance of the accused at trial. *Bland v. Holden*, 21 Ohio St. 238, 257 N.E.2d 238 (1970).

{¶4} In Ohio, the writ of habeas corpus protects the right to reasonable bail. *In re Gentry*. A person charged with the commission of a bailable offense cannot be required to furnish bail in an excessive or unreasonable amount. *In re Lonardo*, 86 Ohio App. 289, 89 N.E.2d 502 (8th Dist.1949). Indeed, bail set at an unreasonable amount violates the constitutional guarantees. *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct.1, 96 L.Ed. 3 (1951). As the Supreme Court stated in *Stack*, "This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." 342 U.S. at 4-5.

{¶5} The respondent does not contest Turner's habeas petition on the merits, but rather seeks to defeat it on procedural technicalities. The sheriff argues that Turner has an adequate remedy at law precluding habeas relief through appeal pursuant to R.C. 2937.222(D). That statute provides that a trial court may deny bail for certain serious offenses such as, aggravated murder without capital specifications, murder, and first and second degree felonies after a hearing in which the defendant is provided with full due process protections, including an attorney, the right to testify and present evidence, and the right to cross-examination. If the court denies bond

after such a hearing, then the defendant's remedy is an appeal.

{¶6} However, the respondents have not established that R.C. 2937.222 is applicable. From the respondents' own pleading, it appears that the most serious crime with which Turner is charged is grand theft, a fourth-degree felony. Furthermore, the sheriff has not established that the trial court furnished Turner with a R.C. 2937.222 hearing with all due process rights. The court revoked his bond for failure to appear and then entered judgment against the surety for failure to produce the body of John Turner. Accordingly, R.C. 2937.222 and its remedy by way of appeal is not relevant to this habeas action.

{¶7} The law burdens a habeas petitioner with several pleading prerequisites. R.C. 2725.04 requires that the petition be verified. R.C. 2725.04(D) provides: "A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear." Loc.App.R. 45 requires the petitioner to file an affidavit "specifying the details of the claim." To waive the prepayment of the filing fee a prisoner must submit an affidavit under R.C. 2969.25(C) that includes a certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months. R.C. 2969.25(A) demands that a prisoner must submit an affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court, along with the case number, the parties involved, and the outcome of the case.

{¶8} Turner filed with his petition (1) a Loc.App.R. 45 affidavit specifying the details of the claim, (2) a partial copy of the docket in the underlying case showing the revocation and forfeiture of the bond, (3) an Ohio Department of Rehabilitation and Correction Prison Term Order showing his 200-day sentence for violating postrelease control, (3) a poverty affidavit, (4) a

Cuyahoga County Sheriff's Office trust account statement showing Turner's account from June 20, 2014 through September 23, 2014, and (5) a prior lawsuit affidavit stating that he has filed two habeas corpus petitions and a mandamus action in this court.[2]

{¶9} The sheriff argues that these filings are insufficient. The petition itself is not verified. He does not show the cause of his detention. The cashier's statement covers only three months instead of the required six, and the prior lawsuit affidavit omits that case numbers, the parties, and the outcome of the cases.

{¶10} These arguments elevate form over substance. The Loc.App.R. 45 affidavit fulfills the verification requirement of R.C. 2725.04. The docket shows revocation of the bond. Moreover, the parties do not dispute the fact that Turner is being held without bond. Indeed, the attachments to the motion for summary judgment include a complete docket, the initial entry setting bond, and the bond forfeiture notice and order. Although the other attachments may not be perfect, Turner has facially fulfilled the filing requirements. In weighing the constitutional right to pretrial bail against the various pleading requirements, this court declines to elevate form over substance when the petitioner has facially fulfilled those pleading requisites.

{¶11} Accordingly, this court denies the motion for summary judgment. This court issues the writ of habeas corpus and grants relief as follows: In *State v. Turner*, Cuyahoga C.P. No. CR-13-576006-A, the trial court shall set bond forthwith at a hearing with all parties present. Respondent to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶12} Petition granted and relief ordered.

---

[2] The court notes that unlike many "affidavits" coming from the Cuyahoga County jail, these are actually notarized and have the proper form of an affidavit.

PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR