OPINION *Page 2 
{¶ 1} Defendant-Appellant Robert Goe appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, finding him guilty of willful contempt.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On May 10, 2006, Plaintiff-Appellee, Joyce Faye Goe, filed a Complaint for Divorce against her husband, Appellant Robert Goe. Appellee sought temporary orders from the trial court and filed a financial affidavit in support of her claims. In her affidavit, Appellee listed under "Other realty" property located at 118 Fawcett Ct. N.W., Canton, OH. She listed the property as a rental that was owned only by Appellee.
 {¶ 3} A Magistrate held a temporary orders hearing on May 30, 2006. Based on the information provided at the hearing, including the financial affidavits from Appellant and Appellee, the Magistrate ordered that, "* * * 3. Husband shall pay all the marital bills except the Wife's Ford Explorer and Wife's cell phone; 4. Wife shall make all payments associated with the Ford Explorer including the loan, gas, insurance and maintenance. Wife shall make all payments for her cell phone and food. * * *". (Magistrate's Order, May 31, 2006).
 {¶ 4} On August 1, 2006, Appellee filed a Motion for Contempt. In her motion, Appellee requested the trial court find Appellant in contempt for failing to pay the following marital bills: electric, phone, fuel, cable television, credit card, Appellant's cell phone, Appellee's and Appellant's medical bills, and Appellee's monthly prescription expense. Appellee's Motion for Contempt was served upon Appellant on August 7, 2006. The trial court set the matter for a hearing on September 25, 2006. *Page 3 
 {¶ 5} On September 22, 2006, Appellee filed a second Motion for Contempt. In her motion, Appellee requested the trial court find Appellant in contempt for failing to pay the following marital bills: rent for the marital residence, insurance payment for property located at 118 Fawcett Ct. N.W., and property taxes for the 118 Fawcett Ct. N.W. property. The trial court set the matter for a hearing on November 20, 2006.
 {¶ 6} On September 25, 2006, the parties convened for a hearing on the Appellee's first Motion for Contempt. At the hearing, the trial court continued the matter for an evidentiary hearing on both the first and second Motions for Contempt to be held on November 20, 2006. Appellant was served with the second Motion for Contempt at the September 25th hearing.
 {¶ 7} Prior to the evidentiary hearing, Appellant filed a motion with the trial court requesting a modification of the temporary orders. The motion stated Appellant had a change of circumstances that affected his ability to comply with the temporary orders.
 {¶ 8} On November 20, 2006, the trial court held an evidentiary hearing on both Motions for Contempt. The trial court heard the arguments of counsel and took testimony from Appellant and Appellee. The trial court found that based upon the evidence, Appellant had not complied with the temporary orders of the court by his failure to pay the marital bills presented during the hearing. The trial court found Appellant guilty of willful contempt and sentenced Appellant to thirty days in jail and $250 in fines and costs. The trial court gave Appellant the opportunity to purge the contempt by bringing himself into compliance with the temporary orders and paying partial attorney fees in the amount of $750. *Page 4 
 {¶ 9} Appellant made an oral motion to stay pending an appeal at the hearing. The trial court denied the motion to stay. Appellant filed a motion to stay with this Court. We granted Appellant's motion to stay and ordered Appellant to be released from jail and pay $500 towards the outstanding marital bills.
 {¶ 10} Appellant now appeals the finding of contempt and raises three Assignments of Error:
 {¶ 11} "I. THE TRIAL COURT ERRED IN FINDING THE DEFENDANT IN CONTEMPT BASED ON A VAGUE AND AMBIGUOUS ORDER."
 {¶ 12} "II. APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED BECAUSE HE WAS NOT GIVEN PROPER NOTICE OF THE CHARGES AGAINST HIM."
 {¶ 13} "III. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN FINDING APPELLANT GUILTY OF WILLFUL CONTEMPT WHEN THAT FINDING WAS BASED ON AN EXHIBIT THAT WAS NEVER ENTERED INTO EVIDENCE AND THE REMAINING EVIDENCE PRESENTED WAS INSUFFICIENT TO MEET THE STANDARD OF PROOF REQUIRED."
 I. {¶ 14} Appellant argues in his first Assignment of Error that the trial court erred when it found Appellant in contempt for violation of the Magistrate's Order filed on May 31, 2006. Appellant states the Magistrate's Order was vague and ambiguous.
 {¶ 15} The trial court held Appellant in contempt for failing to comply with the temporary orders; specifically, the trial court found Appellant failed to pay the insurance and property taxes for the 118 Fawcett Ct. N.W. property. The temporary orders issued *Page 5 
by the Magistrate states, "* * * 3. Husband shall pay all the marital bills except the Wife's Ford Explorer and Wife's cell phone. * * *." (Magistrate's Order, May 31, 2006).
 {¶ 16} Appellant states the Magistrate's decision was based upon Appellee's financial affidavit, which listed the Fawcett property as an asset owned by Appellee, but not as separate property. From that information, the Magistrate would have been unable to determine whether the Fawcett property was marital or separate. Appellant argues there is an issue then as to whether the Fawcett property is marital or separate property. The temporary orders could be subject to dual interpretations on this subject and therefore he should not be found in contempt for his failure to obey the orders.
 {¶ 17} We have previously held that, "[i]f the contempt charge is premised on a party's failure to obey an order of the court, then the order must be clear and definite, unambiguous and not subject to dual interpretations, and the contemnor must have knowledge of the order."Chilcote v. Gleason Const. Co., 5th Dist. No. 01COA01397, 2002-Ohio-746.
 {¶ 18} In the present case, however, the order that Appellant is now claiming to be vague and ambiguous is a Magistrate's order issued on May 31, 2006. We find Appellant has waived any objection to the Magistrate's decision by failing to file written objections within fourteen days of the decision pursuant to Civ.R. 53. Civ.R. 53 states in pertinent part,
 {¶ 19} "(3) Objections.
 {¶ 20} "(a) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to Civ. R. 53(E)(4)(c). If any party timely files *Page 6 
objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ. R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
 {¶ 21} * * *
 {¶ 22} "(d) Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 23} Appellant's failure to file objections to the Magistrate's decision in accordance with Civ. R. 53 precludes Appellant from now challenging the Magistrate's order as vague and ambiguous. See also,Tawney v. Tawney, 9th Dist. No. 02CA0018-M, 2002-Ohio-6122, at ¶ 15.
 {¶ 24} Appellant's first Assignment of Error is therefore overruled.
 II. {¶ 25} In his second Assignment of Error, Appellant argues his due process rights were violated because he was not properly notified of the charges against him. We disagree.
 {¶ 26} Contempt may be characterized as either direct or indirect.Sansom v. Sansom, 10th Dist. No. 05AP-645,2006-Ohio-3909, at ¶ 23 citing Byron v. Byron, 10th Dist. No. 03AP-819, 2004-Ohio-2143, at ¶ 12. Direct contempt occurs in the presence of the court and obstructs the administration of justice. R.C.2705.01. Indirect contempt involves behavior that occurs outside the presence of the court and demonstrates a lack *Page 7 
of respect for the court or its lawful orders. Byron, supra, citingState v. Drake (1991), 73 Ohio App.3d 640, 643. In the present case, Appellant failed to pay marital bills as required by the temporary order. This occurred outside the presence of the court and will therefore be characterized as indirect contempt.
 {¶ 27} Courts may further characterize contempt as criminal or civil, depending upon the nature of the contempt sanctions. Criminal contempt imposes sanctions that are punitive in nature, and are designed to punish the party for past failures to comply with the court's order.State ex rel. Corn v. Russo, 90 Ohio St .3d 551, 555, 740 N.E.2d 265,2001-Ohio-15. Criminal contempt usually involves mandatory incarceration, and the party found to be in contempt usually has no opportunity to avoid the incarceration. Brown v. Executive 200,Inc. (1980), 64 Ohio St.2d 250, 253, 254, 416 N.E.2d 610.
 {¶ 28} Civil contempt is remedial or coercive in nature, and will be imposed to benefit the complainant. Bierce v. Howell, 5th
Dist. No. 06 CAF 05 0032, 2007-Ohio-3050, at ¶ 18 citing DeLawder v.Dodson, Lawrence App. No. 02CA27, 2003-Ohio-2092, at ¶ 11. Any sanction imposed by the court for civil contempt must provide the contemnor with an opportunity to purge himself or herself of the contempt.DeLawder, supra, at ¶ 10. "The contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as so ordered." Brown, supra.
 {¶ 29} The contempt in the case sub judice is remedial and allows the contemnor an opportunity to purge his jail sentence. Therefore, we find this contempt to be civil in nature.
 {¶ 30} Due process must be observed in both civil and criminal contempt proceedings. In re Oliver (1948), 333 U.S. 257, 274-275;Mosler, Inc. v. United *Page 8 Automobile, Aerospace Agricultural Implement Workers of America, Local1862 (1993), 91 Ohio App.3d 840, 843. Due process and the statutory provisions of R.C. 2705.03 mandate that one accused of indirect contempt be provided "adequate notice, time to prepare any defense and an opportunity to be heard." Turner v. Turner (May 18, 1999), 10th Dist. No. 98 AP-999, quoting Rose v. Rose (Mar. 31, 1997), Franklin App. No. 96APF09-1150. More particularly, "due process requires that the alleged contemnor has the right to notice of the charges against him or her, a reasonable opportunity to defend against or explain such charges, representation by counsel, and the opportunity to testify and to call other witnesses, either by way of defense or explanation. Id., citing Courtney v. Courtney (1984),16 Ohio App.3d 329, 332.
 {¶ 31} Thus, the element of notice for a finding of indirect contempt is a prerequisite for a valid contempt finding. Id., citing E. Clevelandv. Reed (1977), 54 Ohio App.2d 147, 150. Notice is sufficient when it apprises an alleged contemnor of the charges against him or her so that he or she is able to prepare a defense. Id., citing Cincinnati v.Cincinnati District Council 51 (1973), 35 Ohio St.2d 197, 203. Here, Appellant states that he was not properly notified of what marital bills he was alleged to have failed to pay in violation of the temporary order. We disagree.
 {¶ 32} Appellee filed two Motions for Contempt against Appellant. The first motion for contempt states that "Defendant has failed to pay the following marital bills as previously ordered by the Court:
 {¶ 33} "A. The electric bill; B. Phone bill (which has been disconnected); C. Fuel bill; D. Cable T.V. bill; E. Credit card bills; F. Defendant's cell phone bill; G. Doctor bills of the parties; and H. Plaintiff's monthly prescription expense." The record *Page 9 
shows Appellee's first Motion for Contempt was served upon Appellant on August 7, 2006. The trial court set the first Motion for Contempt for a hearing, but continued the hearing after Appellee filed a second Motion for Contempt. The trial court then held an evidentiary hearing on both Motions for Contempt on November 20, 2006.
 {¶ 34} Upon review of Appellee's first and second Motions for Contempt, we find Appellant was apprised of the charges against him to enable him to prepare a defense. The trial court's judgment entry finding Appellant in contempt reflects the marital bills alleged in Appellee's first and second Motions for Contempt.
 {¶ 35} Accordingly, Appellant's second Assignment of Error is overruled.
 III. {¶ 36} Appellant argues in his third Assignment of Error that the trial court erred when it found Appellant in contempt because the evidence was insufficient to meet the standard of proof required to make a finding of civil contempt. We disagree.
 {¶ 37} An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. State ex rel. Celebrezze v.Gibbs (1991), 60 Ohio St.3d 69, 573 N.E.2d 62. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 38} The standard of proof in a civil contempt proceeding is by clear and convincing evidence. Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250. The determination of "clear and convincing evidence" is within the discretion of the trier of facts. We will not disturb the trial court's decision as against the manifest weight of the *Page 10 
evidence if the decision is supported by some competent, credible evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279.
 {¶ 39} During the evidentiary hearing, the trial court heard testimony from Appellant on cross examination, Appellee on direct examination and then heard the arguments of counsel. On direct examination, Appellee testified as to the marital bills Appellant had failed to pay. Counsel for Appellee presented "Exhibit 1" which contained the copies of the marital bills Appellant had not paid. While "Exhibit 1" was introduced as an exhibit, it was never admitted into evidence. "Exhibit 1" was filed by the trial court on the day of the evidentiary hearing. The trial court then refers to "Exhibit 1" in its judgment entry by stating, "* * * and all other bills represented on Exhibit 1 filed herein." (Judgment Entry, November 20, 2006).
 {¶ 40} Upon review of the record, we find there is competent, credible evidence beyond "Exhibit 1" to support the trial court's finding of contempt. Appellee testified on direct examination to the marital bills that Appellant had not paid. We find the trial court did not abuse its discretion in finding by clear and convincing evidence Appellant failed to pay the marital bills listed in the judgment entry.
 {¶ 41} Appellant's third Assignment of Error is overruled. *Page 11 
 {¶ 42} Accordingly, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. By: Delaney, J. Gwin, P.J. and Hoffman, J. concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant. *Page 12